Aidan W. Butler (SBN 208399)
Attorney at Law
3550 Wilshire Boulevard, Suite 1924
Los Angeles, California 90010
Telephone: (213) 388-5168
Telecopier: (213) 388-5178
tocontactaidan@gmail.com

Attorneys for Plaintiff SHERRY MANNELLO

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRY MANNELLO, an individual, | CASE NO.: |
| Plaintiff, | COMPLAINT FOR VIOLATIONS OF: |
| vs. | 1) THE FAIR DEBT COLLECTION PRACTICES ACT, |
| RESIDENTIAL CREDIT SOLUTIONS, INC., a DELAWARE corporation; and DOES 1-10, inclusive, | AND |
| | 2) THE ROSENTHAL ACT. |
| Defendants. | DEMAND FOR JURY TRIAL. |

## I. JURISDICTION AND VENUE.

1. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337, and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available pursuant to 28 U.S.C. §2201 and 2202.

2. Venue in this District is proper in that Plaintiff's claim arose in this District.

///

## II. THE PARTIES.

3. The plaintiff, SHERRY MANNELLO ("Plaintiff"), is a natural person. At all relevant times, she resided in the county of Ventura, California.

4. Defendant RESIDENTIAL CREDIT SOLUTIONS, INC. (hereinafter "RCSI"), is, and at all times relevant herein was, a DELAWARE corporation with its principal place of business in Fort Worth, Texas.

5. The true names and capacities, whether individual, corporate, associate or otherwise, of the defendants sued herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues such defendants by such fictitious names. Plaintiff will amend this complaint to show the true names and capacities of such defendants when they have been ascertained. Plaintiff is informed and believes that each of the defendants designated herein as a DOE was in some manner responsible for the occurrences and injuries alleged herein.

6. At all times mentioned herein, each of the defendants was the agent and employee of the other named defendants, and in doing the things alleged were acting within the course and scope of such agency and employment, and in doing the acts herein alleged were acting with the consent, permission and authorization of the remaining defendants. All actions of each of the defendants were ratified and approved by the other named defendants.

7. Defendants are debt collectors, as defined by the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a(6), and as defined by California Civil Code section 1788.2( c).

## III. FACTUAL ALLEGATIONS.

8. Plaintiff, who is not a minor, owns a home with a mortgage.

9. Servicing of the mortgage was transferred to RCSI on or around December 16, 2013 – after Plaintiff became delinquent on her mortgage.

10. Plaintiff routinely receives mail from RCSI. RCSI's correspondence

1  almost invariably contain the following statement, though occasionally the precise phrasing varies: "Residential Credit Solutions is a debt collector attempting to collect a debt and any information obtained will be used for that purpose."

11. Plaintiff has consistently sought to achieve a work-out agreement with RCSI.

12. On June 4, 2015, an RCSI representative – specifically, a man identifying himself as "Tyler" with the Loss Mitigation Department – spoke with Plaintiff's duly authorized agent in an attempt to collect the debt allegedly owed by Plaintiff. In that conversation, the RCSI representative stated that a sale date for Plaintiff's home had been scheduled for June 26, 2015.

12. In fact, this statement was untrue. At the time of the conversation, no sale date was scheduled. No notice of trustee's sale was prepared by RCSI until September 4, 2015.

13. Two days before the June 4, 2015, conversation, other personnel from RCSI had confirmed in writing that no sale date existed. However, that representative stated, "it is your responsibility to follow up periodically for the sale date status." That statement misrepresented the fact that under California Civil Code, a foreclosing party is required to provide notice to the homeowner of the initial sale date, time, and location, along with various other related notices (see, *inter alia*, Civ. Code §2924(a)(3), etc.); and that when a sale date is postponed for more than ten days, the party must provide written notification of the new date. (Cal. Civ. Code §2924(a)(5).)

14. Further, in its attempts to collect the alleged debt, RCSI has included in the amounts demanded fees, penalties and interest not authorized by any enforceable contract or statute.

///

///

**FIRST CLAIM FOR RELIEF**

(For Violations of the FDCPA Against RCSI and DOES 1 through 5, inclusive)

15. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 14 above.

16. Defendants, and each of them, violated the FDCPA. Defendants' violations include, but are not limited to, the following:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10);

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c);

d) Attempting to collect an amount (including any interest, fee, charge, or expense iRCSIdental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1692f(1).

17. As a direct and proximate result of the above violations of the FDCPA, Plaintiff has suffered actual damages, including but not limited to feelings of anguish, frustration, humiliation, anxiety, and stress, among other things. For that reason, Defendants, and each of them, are liable to Plaintiff for declaratory judgment that defendants' conduct violated the FDCPA, and Plaintiff's actual damages, statutory damages, costs and attorney's fees.

**SECOND CLAIM FOR RELIEF**

(For Violations of the Rosenthal Act Against RCSI and DOES 1 through 5, inclusive)

18. Plaintiff repeats and reincorporates by reference the paragraphs 1 through 17 above.

19. Defendants, and each of them, knowingly and wilfully violated California's Rosenthal Fair Debt Collection Practices Act (hereinafter the "Rosenthal Act"). Defendants' violations include, but are not limited to, the following acts performed in attempting to collect a consumer debt:

a) Using false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. §1692e(10) and California Civil Code section 1788.17;

b) Using unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. §1692f and California Civil Code section 1788.17;

c) Contacting Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. §1692c( c) and California Civil Code section 1788.17; and

d) Attempting to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. §1992f(1) and California Civil Code section 1788.17.

20. As a result of defendants' violations of the Rosenthal Act, pursuant to Civil Code section 1788.30, Plaintiff is entitled to actual damages, statutory damages, attorney's fees and costs.

WHEREFORE, Plaintiff requests that judgment be entered in his favor against the defendants as follows:

1. Statutory damages, pursuant to 15 U.S.C. section 1692k(a)(2) and/or Civil Code section 1788.30(b);

2. Actual damages, pursuant to 15 U.S.C. section 1692k(a)(1) and/or Civil Code section 1788.30(a);

3. Costs and reasonable attorney's fees, pursuant to 15 U.S.C. section 1692k(a)(3), and/or Civil Code section 1788.30(c) and/or Code of Civil Procedure

section 490.020.

4. General damages, in an amount subject to proof at trial; and

5. Such other and further relief as the Court deems just and proper.

PLEASE TAKE NOTICE that Plaintiff SHERRY MANNELLO requests a trial by jury.

DATED: September 30, 2015                     Respectfully submitted,

                                              By: _____
                                              Aidan W. Butler
                                              Attorney for Plaintiff
                                              SHERRY MANNELLO