1  WRIGHT, FINLAY & ZAK, LLP
2  T. Robert Finlay, Esq., SBN 167280
   Patricia L. Penny, Esq., SBN 124969
3  4665 MacArthur Court, Suite 280
   Newport Beach, CA 92660
4  Tel: (949) 477-5050; Fax: (949) 608-9142
5
6  Attorneys for Defendant,
   RESIDENTIAL CREDIT SOLUTIONS, INC., a Delaware corporation
7
8              **UNITED STATES DISTRICT COURT**
9             **CENTRAL DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  SHERRY MANNELLO, an individual, | )  Case No. CV15-7674 CAS (AJWx) |
| 12                  Plaintiff, | )  **NOTICE OF MOTION AND** |
| 13           vs. | )  **MOTION TO DISMISS** |
| 14 | )  **PLAINTIFFS' FIRST AMENDED** |
| 15  RESIDENTIAL CREDIT SOLUTIONS, | )  **COMPLAINT FOR FAILURE TO** |
| 16  INC., a Delaware corporation; and | )  **STATE A CLAIM UPON WHICH** |
|    DOES 1-10, inclusive, | )  **RELIEF CAN BE GRANTED** |
| 17 | )  **[FRCP Rule 12(b)(6)]** |
| 18              Defendants. | )  Date:    January 11, 2016 |
| 19 | )  Time:   10:00 a.m. |
| 20 | )  Ctrm:   5 - 2nd Floor |
| 21 | )  *[Filed Concurrently with Request for* |
| 22 | )  *Judicial Notice and Proposed Order]* |

23        **TO THE CLERK OF THIS COURT AND ALL PARTIES AND**

24  **THEIR ATTORNEYS OF RECORD, IF ANY:**

25        **PLEASE TAKE NOTICE** that on January 11, 2015 at 10:00 a.m. in

26  Courtroom 5, Defendant, RESIDENTIAL CREDIT SOLUTIONS, INC., a

27  Delaware corporation ("RCS") will move this court for an Order dismissing the

28  First Amended Complaint ("FAC") of Plaintiff, SHERRY MANNELLO, an

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

individual ("Mannello") pursuant to Federal Rule of Civil Procedure ("FRCP") Rule 12(b)(6) for the failure to state a claim upon which relief can be granted. This motion is made on the grounds that Mannello has failed to plead the essential facts which give rise to her claims and/or the claims are barred on their face, as confirmed by matters which may be properly judicially noticed by this court.

This motion will be based upon this notice of motion and motion, the attached memorandum of points and authorities, the complete files and records in this action, the Request for Judicial Notice filed concurrently herewith, the oral argument of counsel and upon such other and further evidence as this court might deem proper.

Pursuant to Local Rule 7.3, RCS' counsel contacted Mannello's counsel both via telephone and in writing to discuss the Motion and potential resolution of Mannello's original complaint. That resolution resulted in the FAC. Thereafter, RCS's counsel wrote again to Mannello's counsel to resolve the issues of the FAC vis a vis this Motion. Despite all discussions, the parties are currently unable to resolve their differences, but meet and confer efforts are ongoing.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: November 12, 2015    By:    */s/ Patricia L. Penny*
                                    T. Robert Finlay, Esq.
                                    Patricia L. Penny, Esq.
                                    Attorneys for Defendant,
                                    RESIDENTIAL CREDIT SOLUTIONS,
                                    INC., a Delaware corporation

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

Defaulting on her real estate loan in November 2012, Manello applied for a loan modification.  She filed the original complaint in the instant case on September 29, 2015, and one day later, on September 30, 2015 filed a complaint in State Court.  That State Court matter challenges RCS' actions on the foreclosure on her loan under California's Homeowners Bill of Rights.  RCS and the other defendant in that State Court matter have removed that action to Federal Court on diversity grounds, and have filed their answer to that complaint.  Further, RCS and the other defendant filed their Notice of Related Cases, for both that action and this to be related as they each involve the same parties and identical facts.

In this case, Mannello filed her First Amended Complaint ("FAC") on October 23, 2015.  That FAC contains only two very minor revisions from the original complaint, neither of which effects, varies, or in any way changes, the claims of the original complaint.  In short, Mannello contends that RCS, the servicer of her loan, violated of the Fair Debt Collection Practices Act (as they relate to Mannello's defaulted real estate loan) and its counterpart in California, the Rosenthal Fair Debt Collection Practices Act.  But as shown in detail below, as the law and facts alleged show, neither Act applies to RCS, as the servicer of the loan.  Further, the FAC fails to allege facts to meet the threshold factual and legal requirements liability under either Act.  Moreover, there are no facts alleged to support the conclusory legal allegations of either claim for relief.

Consequently, the FAC fails.  Most importantly, RCS has asked Mannello to reconsider the filing of both the complaint and the FAC as well as to consider further amending.  Mannello, however, has declined to further amend.  Thus, it is clear that she has no basis or ability to amend to support any viable claim against

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  RCS and RCS therefore respectfully submits that this Motion to Dismiss must be

2  granted in full, with prejudice and without leave to further amend.

3  **II.    FACTUAL HISTORY AND ALLEGATIONS OF THE FIRST**

4  **AMENDED COMPLAINT**

5      On December 21, 2005, Mannello took title to real property commonly

6  known as 68 Encino Avenue, Camarillo, California 93100 (the "Real Property")

7  via a Grant Deed recorded that date, and she is the current owner of the Real

8  Property.  (Request for Judicial Notice ("RJN"), Exhibit ("Ex.") A (Complaint

9  filed in the Superior Court of the State of California, County of Ventura, entitled

10  Sherry Mannello v. The Bank of New York Mellon et al., Case No. 56-2015-

11  00472805-CU-OR-VTA, paragraph 1; RJN, Ex. B and FAC, paragraph 8).

12  Concurrent with the recording of the Grant Deed, Mannello also granted a Power

13  of Attorney to Charles S. Smith ("Smith") which gave Smith the power to

14  hypothecate the Real Property for a real property loan.  (RJN, Ex. B).  Also

15  concurrent with the recording of the Grant Deed, Mannello borrowed the sum of

16  $1,400,000.00 from Countrywide Home Loans, Inc. (the "Loan"), presumably to

17  aid in her purchase of the Real Property.  The Loan was secured by a Deed of

18  Trust in that amount, executed by Smith as Mannello's Attorney-in-fact, and

19  recorded against the Real Property (the "Deed of Trust").  (RJN, Ex. C; see also,

20  RJN, Ex. A, paragraph 7 and FAC, paragraph 8).

21      On May 25, 2012, the Deed of Trust was assigned to The Bank of New

22  York Mellon fka The Bank of New York as Trustee for the certificationholders of

23  CWALT, Inc., Alternative Loan Trust 2006-HY3, Mortgage Pass-through

24  Certificates Series 2006-HY3 ("BNYM").  (RJN, Ex. D).  On July 10, 2014,

25  BNYM caused to be recorded a Substitution of Trustee, substituting in Quality

26  Loan Service Corporation ("Quality") as Trustee under the Deed of Trust.  (RJN,

27  Ex. E).  Thereafter, on September 11, 2014, Quality caused to be recorded a

28  Notice of Default ("NOD"), which states that as of September 10, 2014 Mannello

1    was in default on her Loan in an amount of $172,908.71, for payments of at least

2    principal and interest that became due on November 1, 2012.  (RJN, Ex. F).

3    Thereafter, on September 4, 2015, Quality caused to be recorded a Notice of

4    Trustee's Sale ("NOTS"), setting the foreclosure sale of the Real Property for

5    October 2, 2015.  (RJN, Ex. G).  To date, the foreclosure sale has not completed

6    and is still pending.

7         The FAC admits that RCS is the servicer of the Loan.  (FAC, paragraph 9).

8    While the FAC alleges that some of RCS' correspondence contains standard

9    collection language, the FAC does <u>not</u> allege any underlying facts that supports

10   the legal conclusion that RCS is an entity whose principal purpose is the

11   collection of debt or who regularly collects or attempts to collect debts of another,

12   as required and defined by the FDCPA.  In fact, the FAC alleges only that RCS is

13   the Loan's servicer (FAC, paragraph 9), that RCS verbally represented a

14   foreclosure sale date (FAC, paragraph 12), and that it was Mannello's

15   responsibility to follow up on the status of the foreclosure sale.  (FAC,

16   paragraph 13).

17        Nowhere does the FAC allege that RCS failed to provide the proper written

18   notices required under California Civil Code Section 2924.  And nowhere are

19   there any facts alleged anywhere what the amounts RCS claimed were due and

20   owing that were not otherwise due and owing and properly collectible under the

21   Loan and Deed of Trust.  Finally, and simply quoting from the language of the

22   statute with no further underling supporting factual allegations, the FAC alleges

23   only the legal conclusions that RCS: (1) "used false representations and deceptive

24   means to collect or attempt to collect a debt"; (2) "used unfair and/or un

25   conscionable means to collect an alleged debt"; (3) "[c]ontact[ed][Mannello] after

26   receiving a cease communication directive" (again, there are no facts alleged

27   anywhere that Mannello or anyone acting on her behalf ever provided RCS with

28   any such alleged communication); and (4) "attempt[ed] to collect an amount not

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

1  authorized by 'the agreement' creating the…debt (there are no allegations

2  whatsoever in the FAC about how the amounts RCS may have demanded are

3  improper, what the specifics of those claimed amounts were for, and so on.  (FAC,

4  paragraphs 16 and 19).

5  **III.   LEGAL STANDARD**

6          Pursuant to the Federal Rules of Civil Procedure Rule 12(b)(6), a complaint

7  may be dismissed if it appears beyond doubt that plaintiff can prove no set of facts

8  in support of a claim which would entitle plaintiff to relief.  <u>Conley v. Gibson,</u> 355

9  U.S. 41, 45-46 (1957); <u>see also,</u> <u>Gillespie v. Civiletti,</u> 629 F.2d 637, 640 (9th Cir.

10  1980);  <u>De La Cruz v. Tormey,</u> 582 F.2d 45, 48 (9th Cir. 1978) <u>cert. denied,</u> 441

11  U.S. 965 (1979).  Moreover, where the claims in a complaint are insufficiently

12  supported by factual allegation, the claims may be disposed of by summary

13  dismissal.  <u>See,</u> <u>Balistreri v. Pacifica Police Department,</u> 855 F.2d 1421, 1424 (9th

14  Cir. 1988); <u>Stinson v. Home Insurance Co.,</u> 690 F. Supp. 882, 886 (N.D.

15  Cal.1988); <u>Dack v. Shanman,</u> 227 F. Supp. 26, 30 (S.D.N.Y. 1964) (dismissing

16  complaint where count was so sketchy as to be unintelligible).

17          In May 2009, the United States Supreme Court, in <u>Ashcroft v. Iqbal,</u>

18  admonished that Federal Rule of Civil Procedure, Rule 8  "demands more than an

19  unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Ashcroft v. Iqbal,</u>

20  556 U.S. 662 (2009).  The court made clear that "threadbare recitals of a cause of

21  action's elements supported by conclusory statements" are insufficient to

22  overcome a motion to dismiss.  <u>Id.</u> at 1950.  Further, "Rule 8(a)(2)…requires a

23  'showing', rather than a blanket assertion of entitlement to relief.  Without some

24  factual allegation in the complaint, it is hard to see how a claimant could satisfy

25  the requirements of providing not only 'fair notice' of the nature of the claim, but

26  also 'grounds' on which the claim rests." <u>Bell Atl. Corp. v. Twombly,</u> 550 U.S.

27  544, 555, n. 3 (2007) (citations omitted).  In short, if the "plaintiffs….have not

28  nudged their claims across the line from conceivable to plausible, their complaint

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

must be dismissed." <u>Twombly, supra,</u> at 570; <u>Iqbal, supra,</u> at 680. Thus, to survive a motion to dismiss, the complaint must have non-conclusory factual content from which reasonable inferences can be drawn that are plausibly suggestive of a claim. <u>Moss v. U.S. Secret Service,</u> 572 F.2d 962, 969 (9th Cir. 2009).  A court is not "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable infereneces." <u>Sprewell v. Golden State Warriors,</u> 266 F.3d 979, 988 (9th Cir. 2001).

Additionally, a court is not limited to the allegations of the complaint in ruling on a motion to dismiss but can also consider any documents attached to the complaint.  <u>Durning v. First Boston Corp.,</u> 815 F.2d 1265, 1267 (9th Cir. 1987); <u>see also,</u> <u>Lee v. City of Los Angeles,</u> 250 F3d 668, 688-89 (9th Cir. 2001). The court also may take judicial notice of recorded loan and title documents, and their contents, if they are referenced in the complaint, and are thus deemed incorporated.  FRCP Rule 201, <u>see also,</u> <u>Branch v. Tunnell,</u> 14 F.3d 449, 453-54 (9th Cir. 1994), overruled on other grounds.  Finally, when amendment would be futile, dismissal may be ordered with prejudice.  <u>Dumas v. Kipp,</u> 90 F.3d 386, 393 (9th Cir. 1996).

**IV.  ANALYSIS**

**A.  <u>THE FIRST AND SECOND CLAIMS FOR RELIEF BOTH FAIL</u>.**

Plaintiff's FAC contains only two claims for relief: first, that RCS violated the Federal and California State Fair Debt Collection Practices Act (the "FDCPA"); and second, that RCS violated California's Rosenthal Fair Debt Collection Practices Act (the "RFDCPA").  Under the law and the alleged facts, however, neither the FDCPA nor the RFDCPA applies to RCS.

To state a claim under the FDCPA, a complaint must allege facts to show that: (1) the plaintiff has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the FDCPA; and (3) the defendant has engaged in a prohibited

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

act or has failed to perform a requirement imposed by the FDCPA.  <u>Pratap v. Wells Fargo Bank, N.A.,</u> No. 12-CV-06378-MEJ, 2014 WL 3884413, at *8 (N.D. Cal. Aug. 7, 2014) (citing <u>Gomez v. Wells Fargo Home Mortg.,</u> 2011 WL 5834949, at *5 (N.D.Cal. Nov. 21, 2011)).  "The term 'debt collector' means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6).  Thus, a complaint must plead "factual content that allows the court to draw the reasonable inference" that Defendants are "debt collectors." <u>Schlegel v. Wells Fargo Bank, N.A.,</u> 720 F.3d 1204, 1208 (9th Cir. 2013) (finding that Plaintiff's complaint "fails to provide any factual basis from which we could plausibly infer that the principal purpose of Wells Fargo's business is the collection of debt.  Debt collection that is only a part of a defendant's business is insufficient to state a claim under the FDCPA).

### 1. RCS is a loan servicer; the FDCPA applies to debt collectors and does not apply to loan servicers.

By Plaintiff's own admission, RCS is the servicer of Plaintiff's Loan. (FAC, paragraph 9; <u>see also,</u> RJN, Ex. A, paragraph 11).  The FDCPA applies to debt collectors.  <u>See,</u> 15 U.S.C. § 1692a and Cal. Civ. Code § 1788.1.  The definition of "debt collector" under the FDCPA "does not include the consumer's creditors, a mortgage servicing company, or any assignee of the debt."  <u>Lal v. Am. Home Servicing, Inc.,</u> 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010)(quotation omitted).  The same is true for the RFDCPA.  <u>See, Id.</u> ("[T]he RFDCPA does in fact mirror the FDCPA….a loan servicer is not a debt collector under these acts.").  Consequently, Plaintiff has no legal claim against RCS under either Act.

///

///

///

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

**2.** <u>**There are no factual allegations that lead to the plausible inference that RCS otherwise meets the legal requirements of being a "debt collector".**</u>

Alternatively, in order to make a viable claim against RCS, Plaintiff must plead underlying facts that create a plausible inference that RCS otherwise qualifies as a "debt collector."  "Debt collector" means anyone whose "principal [business] purpose…is the collection of any debts, or who regularly collects or attempts to collect…debts owed or due…to another."  15 U.S.C § 1692a(6).

The FAC fails to meet either of these two threshold requirements.  First, the FAC alleges only the conclusion that RCS "is a debt collector." (FAC, paragraph 7).  Second, the FAC alleges only that sometimes RCS' correspondence states that it "is a debt collector attempting to collect a debt."  (FAC, paragraph 10).  Neither of these allegations creates a plausible inference either: (1) that RCS' principal business purpose is debt collection; or (2) that RCS regularly attempts to collect debts due another.   And the FAC contains no other underlying supportive factual allegations beyond those quoted above.  This does not meet the plausibility standard.

**B.**   <u>**THE FAC FAILS TO ALLEGE ANY UNDERLYING FACT TO SUPPORT EITHER CLAIM FOR RELIEF.**</u>

Were the above not enough to defeat the allegations of the FAC in full, one need only look at the paltry allegations of the FAC to see that there is a paucity of underlying factual allegations to support the legal conclusions of the two claims for relief.  The only factual allegations of the FAC are that: (1) some of RCS' letters contain language about debt collection (FAC, paragraph 10); (2) someone at RCS gave Mannello a presumable incorrect foreclosure sale date (FAC, paragraph 12 and 13); (3) someone at RCS told Mannello that she had to follow up for the sale date status (FAC, paragraph 13); and (4) RCS demanded amounts "not authorized by…contract or statute" (FAC, paragraph 14).

///

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

To reiterate, nowhere does the FAC allege that RCS failed to provide the proper written notices required under California Civil Code Section 2924.  And nowhere are there any facts alleged anywhere what the amounts RCS claimed were due and owing that were not otherwise due and owing and properly collectible under the Loan and Deed of Trust.  Further, there are no underlying facts alleged to support the claim that any "cease communication directive" was ever sent by Mannello, or anyone acting on her behalf to RCS.  In short, there are no facts alleged that support either of the claims for relief.

This is Mannello's second attempt to plead a viable claim for relief for violation of either the FDCPA or the RFDCPA.  It is clear that she is unable to do so.  RCS respectfully submits its motion to dismiss must be granted in full with prejudice and without leave to amend.

**V.   CONCLUSION**

For all of the reasons discussed above, RCS respectfully requests that the court grant this Motion to Dismiss in full with prejudice and without leave to amend.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated:  November 12, 2015          By:     */s/ Patricia L. Penny*
                                                          T. Robert Finlay, Esq.
                                                          Patricia L. Penny, Esq.
                                                          Attorneys for Defendant,
                                                          RESIDENTIAL CREDIT SOLUTIONS,
                                                          INC., a Delaware corporation

NOTICE OF MOTION & MOTION TO DISMISS FIRST AMENDED COMPLAINT

# PROOF OF SERVICE

I, Gretchen Grant, declare as follows:

I am employed in the County of Orange, State of California.  I am over the age of eighteen (18) and not a party to the within action.  My business address is 4665 MacArthur Court, Suite 200, Newport Beach, California 92660.  I am readily familiar with the practices of Wright, Finlay & Zak, LLP, for collection and processing of correspondence for mailing with the United States Postal Service.  Such correspondence is deposited with the United States Postal Service the same day in the ordinary course of business.  I am aware that on motion of party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

On November 12, 2015, I served the within **NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED and [PROPOSED] ORDER GRANTING DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT** on all interested parties in this action as follows:

[ ]    by placing [ ] the original [X] a true copy thereof enclosed in sealed envelope(s) addressed as follows:

Aidan W. Butler
Attorney at Law
3550 Wilshire Blvd, Suite 1924
Los Angeles, CA 90010,
(213) 388-5168
Attorney for Sherry Mannello, Plaintiff

[ ]    (BY MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices.

[ ]    (BY CERTIFIED MAIL SERVICE) I placed such envelope(s) for collection to be mailed on this date following ordinary business practices, via Certified Mail, Return Receipt Requested.

[ ]    (BY PERSONAL SERVICE) I caused personal delivery by ATTORNEY SERVICE of said document(s) to the offices of the addressee(s) as set forth on the attached service list.

[ ]    (BY FACSIMILE) The facsimile machine I used, with telephone no. (949) 477-9200, complied with California Rules pf Court, Rule 2003, and no error was

**PROOF OF SERVICE**

1  reported by the machine.  Pursuant to California Rules of Court, Rule 2006(d), I
2  caused the machine to print a transmission record of the transmission, a copy of
   which is attached to the original Proof of Service.
3
[ ]  (BY GOLDEN STATE OVERNIGHT- NEXT DAY DELIVERY) I placed true and
4  correct copies thereof enclosed in a package designated by Golden State Overnight
5  with the delivery fees provided for.

6  [X]  (CM/ECF Electronic Filing) I caused the above document(s) to be transmitted to the
   office(s) of the addressee(s) listed by electronic mail at the e-mail address(es) set
7  forth above pursuant to Fed.R.Civ.P.5(b)(2)(E). "A Notice of Electronic Filing
   (NEF) is generated automatically by the ECF system upon completion of an
8  electronic filing. The NEF, when e-mailed to the e-mail address of record in the
9  case, shall constitute the proof of service as required by Fed.R.Civ.P.5(b)(2)(E).  A
   copy of the NEF shall be attached to any document served in the traditional manner
10 upon any party appearing pro se."

11 [X]   (Federal) I declare under penalty of perjury under the laws of the United States of
12 America that the foregoing is true and correct.

13

14 Executed on November 12, 2015, at Newport Beach, California.

15

16 Gretchen Grant

17

18

19

20

21

22

23

24

25

26

27

28

2
**PROOF OF SERVICE**