UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**                        'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:**   (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6) (Dkt. 11, filed November 12, 2015)

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, the matter is hereby taken under submission.

## I.   INTRODUCTION

On October 23, 2015, plaintiff Sherry Manello filed the operative First Amended Complaint ("FAC") against defendants Residential Credit Solutions, Inc. ("RCS" or "defendant"); and Does 1-10, inclusive. Dkt. 10 ("FAC"). The FAC asserts claims for various violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, et seq., and the Rosenthal Fair Debt Collection Act ("Rosenthal Act"), Cal. Civil Code § 1788, et seq.

On November 12, 2015, defendant RCS filed the instant motion to dismiss the FAC pursuant to Federal Rule of Civil Procedure 12(b)(6), dkt. 11 ("Motion"), as well as a request for judicial notice, dkt. 12 ("RJN").[1] On December 21, 2015, plaintiff filed an

---

[1] The Court may take judicial notice of matters of public record that are not subject to reasonable dispute. Fed. R. Evid. 201(b); see also Skilstaf, Inc. v. CVS Caremark Corp., 669 F.3d 1005, 1016 n.9 (9th Cir. 2012). Here, defendant requests that the Court take judicial notice of (1) certain publicly-available documents from within the Official Records of the Ventura County Recorder's Office, and (2) the complaint in Sherry

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

opposition to the instant motion. Dkt. 15 ("Opp'n"). On December 28, 2015, defendant filed a reply. Dkt. 16 ("Reply"). Having carefully considered the parties' arguments, the Court finds and concludes as follows.

## II. BACKGROUND

On December 21, 2005, a Grant Deed was recorded indicating that on December 2, 2005, plaintiff took title to real property located at 68 Encino Avenue, Camarillo, California 93100 (the "Property"). RJN, Ex. B (Grant Deed). According to another document also recorded on December 21, 2015, plaintiff granted Power of Attorney on December 15, 2015 to Charles S. Smith ("Smith"), which gave Smith the power to hypothecate the Property for a real property loan. Id., Ex. C (Power of Attorney - Special). A Deed of Trust recorded on December 21, 2015 indicates that Mannello obtained a $1,400,000 loan from Countrywide Home Loans, Inc. (the "Loan"), executed by Smith as Mannello's attorney-in-fact and secured by a Deed of Trust on the Property. RJN, Ex. D (Deed of Trust).

On May 16, 2012, the Deed of Trust was assigned to The Bank of New York Mellon f.k.a. The Bank of New York as Trustee for the certification holders of CWALT, Inc., Alternative Loan Trust 2006-HY3, Mortgage Pass-through Certificates Series 2006-HY3 ("BNYM"). RJN, Ex. E (Assignment of Deed of Trust). On July 10, 2014, BNYM caused to be recorded a Substitution of Trustee, substituting in Quality Loan Service Corporation ("Quality") as Trustee under the Deed of Trust. RJN, Ex. F. On September 4, 2015, Quality caused to be recorded a Notice of Trustee's Sale stating that a foreclosure sale of the Property would take place on October 2, 2015. RJN, Ex. G

---

Mannello v. The Bank of New York Mellon, et al., Case No. 56-2015-00472805-CU-OR-VTA, as filed in the Ventura County Superior Court. See Dkt. 12 (RJN). Defendant's request is unopposed. The Court takes judicial notice of these documents because they are in the public record and are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

(Notice of Trustee's Sale).[2]  According to the Notice of Trustee's Sale, plaintiff was in default under the Deed of Trust, with the amount of "unpaid balance and other charges" listed as $1,633,831.80, and the date, time, and place of sale listed as October 2, 2015, at 11:00 a.m., at a location in Ventura, California.  Id.

In the operative first amended complaint, plaintiff alleges that "[s]ervicing of the mortgage was transferred to [defendant RCS] on or around December 16, 2013 – *after Plaintiff defaulted on her mortgage*."  FAC ¶9 (emphasis added).  According to the FAC, plaintiff "routinely" receives mail from RCS that "almost invariably contain[s] the following statement, though occasionally the precise phrasing varies: 'Residential Credit Solutions is a debt collector attempting to collect a debt and any information obtained will be used for that purpose.'"  Id. ¶ 10.  Plaintiff avers that she has "consistently sought to achieve a work-out agreement" with RCS to no avail.  Id. ¶ 11.  Plaintiff further alleges that on or around June 2, 2015, a representative from RCS's Loss Mitigation Department spoke with plaintiff's duly authorized agent in an attempt to collect the debt allegedly owed by plaintiff.  Id. ¶ 12.  The RCS representative allegedly stated that a sale date for the Property had been scheduled for June 26, 2015.  Id.  In actuality, plaintiff avers that no sale date was scheduled, as the Notice of Trustee's sale was not prepared by RCS until September 4, 2015.  Id.

Plaintiff further avers that an RCS agent later confirmed in writing that no sale date had been scheduled.  Id. ¶ 13.  According to plaintiff, this agent also stated, "It is your responsibility to follow up periodically for the sale date status."  Id. ¶ 13.  Plaintiff alleges that this statement misrepresented the fact that (1) under the California Civil

---

[2] Defendants state in their motion that on September 11, 2014, Quality caused to be recorded a Notice of Default, which purportedly states that as of September 10, 2014, Mannello was in default on her Loan in an amount of $172,908.71, for payments of at least principal and interest that became due on November 1, 2012.  Motion at 2-3.  However, the Court notes that defendant's request for judicial notice does not include the relevant Notice of Default or any document that would support defendant's assertion regarding the Notice of Default.  Accordingly, for purposes of the instant motion, the Court does not take defendant's assertion regarding the Notice or Default into consideration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

Code, a foreclosing party is required to provide notice to the homeowner of the initial sale date, time, and location, along with various other related notices, and that (2) when a sale date is postponed for more than ten days, the foreclosing party must provide written notification of the new date. Id. (citing Cal. Civ. Code §§ 2924(a)(3), (a)(5)). Plaintiff further alleges that in RCS's attempts to collect the alleged debt, RCS included in the amounts demanded certain fees, penalties and interest not authorized by any enforceable contract or statute. Id. ¶ 14.

## III.   LEGAL STANDARD

A motion pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims asserted in a complaint. Under this Rule, a district court properly dismisses a claim if "there is a 'lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.'" Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011) (quoting Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988)). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. (internal citations omitted).

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them. Pareto v. FDIC, 139 F.3d 696, 699 (9th Cir. 1998). The complaint must be read in the light most favorable to the nonmoving party. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). However, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009); see Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."). Ultimately,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

"[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679.

Unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials). In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

As a general rule, leave to amend a complaint which has been dismissed should be freely granted. Fed. R. Civ. P. 15(a). However, leave to amend may be denied when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986); see Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

**IV. DISCUSSION**

Plaintiff asserts claims for (1) violations of FDCPA sections 1692e(10), 1692f, and 1692c(c), as well as California Civil Code section 1788.17 (the Rosenthal Act).[3]

---

[3] The Rosenthal Act "is California's version of the FDCPA; it 'either mimics the relevant provisions of the FDCPA or incorporates them by reference.'" Murphy v. Bronson, Cawley, & Bergmann, LLP, 2011 WL 2413447 (S.D. Cal. June 13, 2011) (quoting Riggs v. Prober & Raphael, 2010 WL 3238969, at *3 (N.D. Cal. August 16, 2010)). "[L]ike its federal counterpart, [the Rosenthal Act] is designed to protect consumers from unfair and abusive debt collection practices." Robinson v. Managed Accounts Receivable Corp., 654 F.Supp.2d 1051, 1060 (C.D. Cal. 2009) (citing Cal. Civ. Code § 1788.1). Among other provisions, the Rosenthal Act incorporates the provisions

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

Specifically, plaintiff alleges that defendant (1) used false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10) and California Civil Code section 1788.17; (2) used unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. § 1692f and California Civil Code section 1788.17; (3) attempted to collect an amount not expressly authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. § 1692f(1) and California Civil Code section 1788.17; and (4) contacted plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. § 1692c(c). In the instant motion, defendant argues that plaintiff's claims fail for two reasons: first, because the FAC fails sufficiently to allege that RCS, as a loan servicer, qualifies as a "debt collector" under the FDCPA and the Rosenthal Act; and second, because there is a "paucity of underlying factual allegations to support the legal conclusions of the two claims for relief." Motion at 5, 7. For reasons explained below, the Court agrees, and finds dismissal of the entire action, without prejudice, to be appropriate.

    **A.    The FAC Fails Sufficiently to Allege that RCS is a "Debt Collector" under the FDCPA and Rosenthal Act**

The FDCPA proscribes a wide range of conduct related to debt collection. In order to state a claim for relief under the FDCPA, a plaintiff must show that (1) he or she is a "consumer," (2) the defendant is a "debt collector," and (3) the defendant has acted or failed to act in violation of the FDCPA. Robinson v. Managed Accounts Receivables Corp., 654 F. Supp. 2d 1051, 1057 (C.D. Cal. 2009). The FDCPA defines the phrase "debt collector" to include: (1) "any person who uses any instrumentality of interstate commerce or the mails in any business *the principal purpose of which* is the collection of

---

of the FDCPA. As a result, a violation of the FDCPA is a violation of the Rosenthal Act. See, e.g., Hosseinzadeh v. M.R.S. Assoc., 387 F.Supp.2d 1104, 1118 (C.D. Cal. 2005); Abels v. JBC Legal Group, P.C., 227 F.R.D. 541, 548 (N.D. Cal. 2005). To the extent to which plaintiff is alleging that defendant's conduct violates those provisions of the Rosenthal Act that mimic or incorporate sections 1692e(10), 1692f, and 1692c(c) of the FDCPA, these claims are dismissed, in accordance with the discussion *infra* regarding why these claims fail under the FDCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

any debts," and (2) any person "who *regularly* collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6) (emphasis added). Because the FDCPA's "prohibitions apply only to 'debt collector[s]' as defined by the FDCPA, the complaint must plead 'factual content that allows the court to draw the reasonable inference' that [RCS] is a debt collector. Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208 (9th Cir. 2013) (quoting Iqbal, 556 U.S. at 678).

Plaintiff's FAC plainly states that RCS is a debt collector, as defined by section 1692a(6) of the FDCPA and section 1788.2(c) of the California Civil Code. FAC ¶ 7. In support of her contention that defendant is a "debt collector," plaintiff alleges that she "routinely" receives mail from RCS that "almost invariably" contains some formulation of the following statement: "Residential Credit Solutions is a debt collector attempting to collect a debt and any information obtained will be used for that purpose." Id. ¶ 10. However, as defendant RCS notes, plaintiff's complaint simultaneously alleges that RCS is merely the servicer of the Loan; accordingly, RCS contends, because the FDCPA generally does not apply to the conduct of loan servicers, plaintiff's FDCPA and corresponding Rosenthal Act claims must fail.

Generally speaking, "[t]he law is well settled that FDCPA's definition of debt collector 'does not include the consumer's creditors, *a mortgage servicing company*, or any assignee of the debt.'" Lal v. Am. Home Servicing, Inc., 680 F. Supp. 2d 1218, 1224 (E.D. Cal. 2010) (emphasis added) (quoting Perry v. Stewart Title Co., 756 F.2d 1197, 1208 (5th Cir. 1985)). The same is true of the Rosenthal Act. See id. ("[T]he [Rosenthal Act] does in fact mirror in the FDCPA, their intentions were the same and exclusive, and, as such, a loan servicer is not a debt collector under these acts."). However, as plaintiff rightly notes in her opposition, the FDCPA's exclusion of mortgage servicing companies only applies when the collecting entity is "collecting or attempting to collect [a] debt . . . which *was not in default at the time it was obtained*" by the collecting party. 15 U.S.C. §1692a(6)(F)(iii) (emphasis added); see also Perry, 756 F.2d at 1208 (noting that "[t]he legislative history of section 1692a(6) indicates conclusively that a debt collector does not include the consumer's creditors, *a mortgage servicing company*, or an assignee of a debt, *as long as the debt was not in default at the time it was assigned*.") (emphasis added). The FDCPA does not specify what it means to be "in default"—however, in applying the FDCPA, "courts have repeatedly distinguished between a debt that is *in*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**       'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

*default* and a debt that is *merely outstanding*, emphasizing that only after some period of time does an outstanding debt go into default." Alibrandi v. Fin. Outsourcing Servs., Inc., 333 F.3d 82, 86 (2d Cir. 2003) (emphasis added). The Ninth Circuit has explained that the FDCPA's legislative history "is consistent with construing 'in default' to mean a debt that is at least delinquent, and sometimes more than overdue." De Dios v. Int'l Realty & Investments, 641 F.3d 1071, 1075 n.3 (9th Cir. 2011).

      Accordingly, plaintiff contends in her opposition that because the complaint alleges that the Loan was in default when defendant RCS acquired the servicing rights, defendant's argument regarding the FDCPA's inapplicability to loan servicers is inapposite. Opp'n at 4-5. While plaintiff's assertion regarding the default may appear to resolve the matter, the only factual allegation in plaintiff's FAC regarding her alleged default is her contention that "[s]ervicing of the mortgage was transferred to [RCS] on or around December 16, 2013 – *after Plaintiff defaulted on her mortgage*." FAC ¶9 (emphasis added). The FAC does not otherwise describe or define the terms of plaintiff's default. In an apparent recognition that these factual allegations may insufficiently plead "default" for purposes of the FDCPA, plaintiff states in her opposition that if given leave to amend, she could "allege with more particularity the precise date on which she stopped paying and thus became 'in default' under the Note's definition of that phrase" (which plaintiff provides in her opposition but acknowledges was omitted from both her complaint and defendant's judicially-noticed documents). Opp'n at 6.

      Ultimately, the Court need not determine the sufficiency of plaintiff's pleadings with respect to her alleged "default," as the FAC also fails to allege either that the "principal purpose" of defendant's business is debt collection, as required by the first definition in section 1692a(6) of the FDCPA, or that defendant "regularly collects . . . debts owed or due or asserted to be owed or due another," as required by the second definition in section 1692a(6). See Schlegel v. Wells Fargo Bank, NA, 720 F.3d 1204, 1208-09 (9th Cir. 2013). In Schlegel v. Wells Fargo Bank, the Ninth Circuit rejected plaintiffs' contention that the complaint sufficiently alleged that Wells Fargo met the definition of "debt collector" by stating that "Wells Fargo is in the business of collecting debts and uses instrumentalities of interstate commerce in that business." 720 F.3d at 1208. As the court explained,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

> The complaint fails to provide any factual basis from which we could plausibly infer that *the principal purpose* of Wells Fargo's business is debt collection. Rather, the complaint's factual matter, viewed in the light most favorable to the [plaintiffs], establishes only that debt collection is some part of Wells Fargo's business, which is insufficient to state a claim under the FDCPA . . . The complaint [also] makes no factual allegations from which we could plausibly infer that Wells Fargo regularly collects debts owed to someone other than Wells Fargo.

Id. at 1209 (emphasis added). Here, defendant correctly notes that the FAC "does not plead one single underlying fact to support a plausible inference that RCS' principal business purpose is to collect debts." Reply at 3. At best, plaintiff's allegation, at paragraph 7 of the FAC, that defendant is a debt collector is "conclusory and not entitled to be assumed true." Iqbal, 556 U.S. at 681. Therefore, plaintiff has failed sufficiently to allege that defendant is a "debt collector" for purposes of the FDCPA, and accordingly all of her claims must be dismissed.

    **B.**     **The Complaint Fails Sufficiently to Allege that Defendant Committed Acts or Omissions in Violation of the FDCPA or Rosenthal Act**

Plaintiff's complaint must be dismissed for the additional reason that its factual allegations fail sufficiently to allege substantive violations of the FDCPA or Rosenthal Act. A "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" does not suffice for purposes of surviving a 12(b)(6) motion. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). As defendant notes in its motion, most of plaintiff's allegations include only a mere recitation of a particular substantive provision of the FDCPA, with little underlying factual allegations to support the claim of a violation.

For example, plaintiff alleges that defendant used "unfair and/or unconscionable means to collect an alleged debt, in violation of 15 U.S.C. § 1692f and California Civil Code section 1788.17," and also "[a]ttempt[ed] to collect an amount (including any interest, fee, charge, or expense incidental to the principal obligation) not expressly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**　　'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

authorized by the agreement creating the purported debt or permitted by law, in violation of 15 U.S.C. § 1692f(1) and California Civil Code section 1788.17." FAC ¶ 19(b)-(c). However, the complaint lacks any factual allegations that would support this legal conclusion—i.e., there are no specific allegations regarding any amounts that RCS claimed were due or owed that were not otherwise properly due under the Loan and Deed of Trust. Plaintiff also alleges that defendant "[c]ontact[ed] Plaintiff in an attempt to collect a debt after receiving a cease communication directive, in violation of 15 U.S.C. § 1692c(c). FAC ¶ 16(c). However, plaintiff fails to plead any underlying facts indicating that she or anyone acting on her behalf actually sent any "cease communication directive" at all.

Finally, plaintiff also alleges that defendant used "false representations and deceptive means to collect or attempt to collect a debt, in violation of 15 U.S.C. § 1692e(10) and California Civil Code section 1788.17." FAC ¶ 19(a). As the Ninth Circuit has explained, Section 1692e(10) "has been referred to as a 'catchall' provision, and can be violated in any number of novel ways." Gonzales v. Arrow Fin. Servs., LLC, 660 F.3d 1055, 1062 (9th Cir. 2011). Here, in contrast to the FAC's other alleged violations, the pleading does offer some specifics—for example, the allegation that an RCS representative misrepresented to plaintiff that it was "[her] responsibility to follow up periodically for the sale date status," and further made various misrepresentations regarding an upcoming sale date of the Property. FAC ¶¶ 12-13. Given plaintiff's failure to plead a Section 1692e(10) claim on account of the FAC's failure to allege that RCS is a "debt collector," the Court need not decide, for purposes of the instant motion, whether the foregoing alleged misrepresentation would otherwise support a claim for violation of Section 1692e(10).

## V.     CONCLUSION

In accordance with the foregoing, plaintiff's first amended complaint is hereby **DISMISSED**, in its entirety, without prejudice.

Plaintiff shall have until **Monday, February 8, 2016** to file a second amended complaint addressing the deficiencies identified herein. Failure to do so may result in dismissal with prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | 2:15-cv-07674-CAS-AJW | Date | January 7, 2016 |
|---|---|---|---|
| Title | SHERRY MANNELLO V. RESIDENTIAL CREDIT SOLUTIONS, INC. ET AL. | | |

Accordingly, the hearing date of **January 11, 2016 at 10:00 AM is** hereby **VACATED**. No appearances are necessary on January 11, 2016.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CL | |